UNITED STATES, Appellee

v

RAMIE A. NIVENS, Aviation Ordnanceman Second Class, U. S. Navy, Appellant

21 USCMA 420, 45 CMR 194

*Lieutenant Arthur H. Rainey*, JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *John J. Owens, Esquire.*

*Captain Donald B. Myers*, USMCR, argued the cause for Appellee, United States. With him on the brief was *Commander Michael F. Fasanaro, Jr.*, JAGC, USN.

## Opinion of the Court

DUNCAN, Judge:

This case is before us on the following two questions certified by the Acting Judge Advocate General of the Navy:

1. Was the United States Navy Court of Military Review correct in its determination that the trial judge does not have the power to determine the situs of the trial to facilitate the preparation of the defense and for the convenience of the parties concerned?

2. Was the United States Navy Court of Military Review correct in its determination that there was no unlawful intrusion by the convening authority into the trial in the instant case?

Appellant faced a general court-martial on a charge of assault with a dangerous weapon, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. The alleged offense occurred at the Acey-Deucy Club, Naval Air Station, Point Mugu, California. The first pretrial confinement of the appellant was at neighboring Port Hueneme. To accommodate the appointed military defense counsel, the appellant was later transferred for pretrial confinement to San Diego. The convening order specified the place of trial as the Naval Station, San Diego, more than 150 miles from the Point Mugu-Port Hueneme area.

At an Article 39(a) session in San Diego on December 4, 1970, appellant's retained civilian counsel asked for the appointment of an additional military counsel at Port Hueneme. He also moved that the appellant be released from pretrial confinement or transferred to the brig at Port Hueneme to facilitate his participation in interviewing witnesses and in accompanying counsel to the scene of the offense. In addition, counsel moved for a change in the place of trial from San Diego to the Point Mugu-Port Hueneme area because the offense occurred in that area, the witnesses were there, and the retained civilian counsel also lived there. The defense counsel contended that these considerations would facilitate the location of witnesses and the preparation of a defense.

Terming his action "not a change in venue but properly a change in the location or the site of the trial," the military judge, citing United States v Cox, 23 CMR 535 (ABR 1957), decided that the trial should be returned to the Point Mugu area. The judge recognized that he was not empowered to transfer the accused to the Point Mugu area, as requested, but "suggest[ed]" that the convening authority should have him transferred at the earliest possible time.

On December 10, trial counsel requested the military judge to reconsider his earlier decision but the judge, after hearing extensive argument from trial counsel, reaffirmed his ruling.

When the Article 39(a) session reconvened on December 15, trial counsel presented correspondence from the convening authority indicating that the convening authority had overruled the military judge's decision to change

the site of the trial. The military judge then announced that he would accede to the directions of the convening authority and he continued the trial in San Diego. Immediately prior to taking such action, the military judge made the following pertinent comment:

". . . [F]or Appellate purposes and for this record, I will state at this time that in a previous case within the last two months tried by this Military Judge in this same courtroom that the Government counsel, who is the direct representative of the convening authority, made such a motion for a removal of a trial not only from San Diego to some place within the State of California still within the jurisdiction of this convening authority, as far as his geographical limit, but for a removal of a case to the country of Japan. The basis was for the convenience of the Government because many of the witnesses were located on a ship and the ship would, essentially, be put out of commission if the witnesses were brought here for trial. The Military Judge, at that time, over the strenuous objections in that case by the defense, balanced the risk and within his discretion granted the motion. At that time, since it was favorable to the Government, the convening authority followed up the Military Judge's action, cut orders, and made necessary travel arrangements for the court to proceed to Yokosuka, Japan, to try the case. This is why the Military Judge is at a complete loss in this case to understand the action of the convening authority at this time in calling a like motion one that is improper and exceeding the authority of the Military Judge.

"That as it may be, it is not the intent of the Military Judge to get into a conflict with the convening authority, since this court is a creature and only comes into being when appointed and convened and detailed by the convening authority; therefore, the Military Judge will accede to the directions of the convening authority and will continue the trial at this point in San Diego.

"The motion by the defense at this time is overruled. The trial will proceed."

The defense has argued throughout that a motion for a change of venue based on convenience of the parties and in the interest of justice is a proper motion for appropriate relief under paragraph 69, Manual for Courts-Martial, United States, 1969 (Revised edition). The Government replies, and the Court of Military Review held, that the only motion for a change of venue that is permitted is one under paragraph 69e, Manual, supra, which must be based on a general atmosphere of prejudice at the proposed site of trial.

The question need not detain us. The motion before the military judge, whether it be denominated a motion for a change of venue or change in the situs of the trial, is an interlocutory matter. Article 51(b), Code, supra, 10 USC § 851, specifically provides that a ruling upon any interlocutory question "is final and constitutes the ruling of the court." Paragraphs 57 and 67f, Manual, supra; cf. United States v Knudson, 4 USCMA 587, 16 CMR 161 (1954). In the words of the Manual, paragraph 5a(6):

"An officer who has power to convene a general court-martial may determine the cases to be referred to it for trial and may dissolve it, but he cannot control the exercise by the court of the powers vested in it by law."

See also United States v Knudson, supra, at page 592.

With regard to the Government's contention that paragraph 69e of the Manual only provides for a change of venue based on a general atmosphere of prejudice at the situs of the trial (cf. Rule 21(a), Federal Rules of Criminal Procedure), we call attention to the fact that paragraph 69 is entitled, "MOTIONS TO GRANT APPROPRIATE RELIEF," and that a

motion for a change of venue is "[a]*mong* the objections which may be raised by such a motion." (Emphasis supplied.) The listing in paragraph 69 was obviously not intended to be exclusive; there is room for more.

In United States v Gravitt, 5 USCMA 249, 256, 17 CMR 249 (1954), at a time when a motion for a change of venue was not mentioned at all in the Manual for Courts-Martial, United States, 1951, and it was contended that the motion was "'unknown as such in military law,'" we held that:

"... [I]f he [accused] can demonstrate that the court would be adversely influenced by a general atmosphere of hostility or partiality against him, existing at the place of trial, he would be entitled to be tried in some other place. Substance, not form, determines the nature of the relief sought. Consequently, regardless of technical description, the law officer is bound to consider the accused's motion as one for appropriate relief."

See also United States v Vigneault, 3 USCMA 247, 12 CMR 3 (1953); United States v Hagelberger, 3 USCMA 259, 12 CMR 15 (1953).

When the new Manual was published, the above-noted provisions of paragraph 69*e* apparently were incorporated therein because of the holding in United States v Gravitt, supra. See Analysis of Contents, Manual for Courts-Martial, United States, 1969.

This Court has repeatedly held that Federal practice applies to courts-martial if not incompatible with military law or with the special requirements of the military establishment. United States v Fisher, 4 USCMA 152, 15 CMR 152 (1954); United States v Knudson, supra. The motion for relief in this case accords with Rule 21(b), Federal Rules of Criminal Procedure:

"... For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to him or any one or more of the counts thereof to another district."

In the case at bar, the record reflects that the military judge was not unaware of the requirement that on a motion for a change in the situs of the trial based on the convenience of the parties and witnesses and in the interest of justice, he must also consider the inconvenience to the Government. See generally, Rule 21, Federal Rules of Criminal Procedure, 1972 Pocket Part, 23.—Balance of inconvenience. Following trial counsel's lengthy argument thereon during the hearing on reconsideration, the military judge acknowledged such awareness before adhering to his prior ruling.

We hold, therefore, that the trial judge does have the power to determine the situs of the trial ▆▆▆▆▆ ▆ to facilitate the preparation of the defense and for the convenience of the parties concerned. Paragraph 69, Manual, supra; Rule 21(b), Federal Rules of Criminal Procedure.

The first certified question is answered in the negative.

We also hold that the convening authority unlawfully intruded into the trial of this case (Article 51(b), Code, supra; cf. Petty v Moriarty, 20 USCMA 438, 43 CMR 278 (1971)), and that the military judge erred in acceding to that intrusion.

The second certified question is answered in the negative.

We are left with determining whether the error in this case was prejudicial to the substantial rights of the appellant.

No claim is made and it does not appear from the record that the defense was unduly hampered in preparation for trial or that it was unable to obtain the presence of any witnesses, as a result of the distance of the place of trial from the situs of the offense. Cf. United States v Cox, supra. Under the circumstances of this case, substantial prejudice is not demonstrated.

By failing to find prejudice to this appellant, we do not intend to imply

**423**

condonation of the command control portrayed in this case. Our concern in this area has been frequently stated. See cases cited in Tedrow, Digest, Annotated and Digested Opinions, U. S. Court of Military Appeals, Command Control, pages 90–101, and 1971 Pocket Part, pages 25–27. Trial counsel apparently believed it was present as evidenced by his unsuccessful challenge for cause of the military judge because of the interference by the convening authority in the trial of the case. The convening authority's action in this case, albeit honest and sincere, is in a very real sense a subversion of military justice.

The Congress of the United States placed upon the shoulders of the military judge the duty to conduct a fair and impartial trial. His judicial temperament and legal expertise are the bedrock of criminal justice in the military. His detachment from command pressures was intended to be complete. Article 26, Code, supra, 10 USC § 826. The system simply cannot function if the convening authority is permitted to usurp the powers of the military judge.

The appellant's conviction is affirmed.

Judge QUINN concurs.

DARDEN, Chief Judge (concurring in the result):

For military trials, the President, acting under a statutory delegation of congressional authority, has promulgated an executive order having the force of law that confers upon the person convening a court-martial the power to select the place of trial. Paragraph 36b, Manual for Courts-Martial, United States, 1969 (Revised edition).

The current role of a military judge in courts-martial has evolved. In the beginning, the president of the court-martial exercised some of the functions performed in civil courts by judges. In the Uniform Code of Military Justice, Congress created the position of law officer, a predecessor in function of the military judge, and gave him authority and responsibility that detracted from that formerly exercised by the president of the court. In 1968 the title of the law officer was changed to military judge and the Congress gave him authority that in many ways is comparable to that of a United States District Judge. Throughout this evolutionary process the accretion in the role of the military judge has been legislated. Enhancement of the judge's status and authority has gratified members of this Court, but Congress retains the power to prescribe the division of authority between a convening authority and a military judge.

The authority of the military judge to order the change in the site of this trial turns on a construction of paragraph 69a of the Manual, which permits a military judge "to grant appropriate relief . . . to cure a defect of form or substance which impedes the accused in properly preparing for trial or conducting his defense." Among the examples of such relief that are then listed in the Manual, paragraph 69e is captioned "Change of venue." It provides:

"If the accused demonstrates that there exists at the place of trial where the prosecution is pending so great a general atmosphere of prejudice against him that he cannot obtain a fair and impartial trial in that place, he is entitled, upon a motion for a change of venue, to be tried at some other place. When such a motion is granted, the charges shall be returned to the convening authority for arrangements for trial elsewhere."

Paragraph 69a contains other examples of objections that may be raised by a motion for appropriate relief. These are (1) defects in charges and specifications that do not amount to a failure of the charge to allege an offense, (2) a substantial defect in the conduct of the pretrial investigation, (3) prejudicial joinder in a joint trial, and (4) misjoinder in a common trial. These examples provide no support for construing a change in the site of the trial for the convenience of the parties

as appropriate relief. Although the examples are not exclusive, since the language of paragraph 69a describes them as being "[a]mong the objections which may be raised by such a motion," the inclusion of a specific subparagraph on change of venue (69e) tends to suggest under the construction rule of *expressio unius* that a change in the site for the convenience of the parties is not appropriate relief within the power of a military judge under paragraph 69.

When a military judge grants a motion for a change of venue under paragraph 69e, Manual, supra, the charges must be returned to the convening authority for arrangements of trial at another place. This provision manifests that under the current state of the law, a military judge is without authority over the composition of a court-martial. When the location of a trial is changed, the members of the court frequently would be changed. A decision on the location of a trial involves considerations of the composition of the court, location of the witnesses and counsel, availability of courtrooms and reporters, and other elements. Since the military judge has no direct authority over the participants in a trial until the trial begins, his attempted use of paragraph 69 to order a change in the place of trial for the convenience of the parties is unaccompanied by the necessary power to effectuate his decision.

When a motion for a change of situs to accommodate the parties is presented to a military judge, he should inform the counsel that this decision is for the convening authority. The judge appropriately may express his opinion on the merits of such a motion and a prudent convening authority should give the judge's opinion great weight. The convening authority's decision on any such motion is reviewable for abuse of discretion.

While a laudable desire to facilitate preparation of a defense actuated the military judge in this case, I nonetheless would hold that the judge lacked authority to select the place of trial

himself. Consequently, I would answer in the affirmative the certified question of whether the United States Navy Court of Military Review was correct in its determination that the trial judge did not have the power to determine the place of trial in this instance.

The second certified issue centers on the action by the convening authority in directing that the trial proceed in San Diego. The United States Navy Court of Military Review decided that his action did not constitute an unlawful intrusion into the trial.

As a general rule, a military judge controls the proceedings in a trial referred to his court from beginning to end. Articles 39 and 51, Uniform Code of Military Justice, 10 USC §§ 839 and 851; paragraph 39, Manual for Courts-Martial, United States, 1969 (Revised edition). When the judge rules on an interlocutory issue his decision is usually final. Article 51, Code, supra, 10 USC § 851; United States v Knudson, 4 USCMA 587, 16 CMR 161 (1954).

Ordinarily a convening authority may review the rulings of a military judge in only two circumstances. One of these is the post-trial action on a completed trial, in accordance with Articles 60, 61, and 64, Code, supra, 10 USC §§ 860, 861, and 864. The other is the Article 62 provision that a convening authority may order a military judge to reconsider a ruling if that ruling results in dismissal of a specification. See Priest v Koch, 19 USCMA 293, 41 CMR 293 (1970); United States v Boehm, 17 USCMA 530, 38 CMR 328 (1968). Neither of these circumstances obtains in the instant case.

Paragraph 67f, Manual for Courts-Martial, United States, 1969 (Revised edition), provides in part:

". . . [T]he convening authority may not direct the military judge or the president of a special court-martial without a military judge to reconsider a ruling on a motion to grant appropriate relief. . . ."

**425**

Consideration of the first certified issue resulted in my deciding that what the military judge did here may not accurately be considered a ruling on a motion for appropriate relief. Hence my opinion is that paragraph 67f, Manual, supra, does not limit the convening authority in exercising his power under paragraph 36b, Manual, supra, to determine the place of trial.

When the trial counsel informed the convening authority of the military judge's ruling that the location of the trial should be removed to the Point Mugu-Port Hueneme area, the convening authority in effect reconsidered his original decision, as he should have done if the judge or the counsel had addressed to him a motion or suggestion that he consider changing the site of trial. The convening authority's action in this instance was within his authority and did not improperly inject himself in decisions that are within the domain of the trial judge.

I would answer the second certified question in the affirmative.