**UNITED STATES, Appellee,**

v.

**Larry J. WEAVER, Specialist Four, U. S. Army, Appellant.**

**No. 28,989.**

U. S. Court of Military Appeals.

June 27, 1975.

---

*Captain Leslie W. Adams* argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori, Captain Michael L. Quirk,* and *Captain Anthony L. Siano.*

*Captain William A. Poore* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Steven M. Werner.*

OPINION OF THE COURT

FERGUSON, Senior Judge:

This case is before the Court on the single question of whether the military judge erred as a matter of law by admitting, over various defense objections during the trial on the merits, an exhibit which reflected a previous civilian burglary conviction for the limited purpose of impeaching the appellant's credibility. We affirm.

In a special court-martial convened at Fort Leonard Wood, Missouri, the appellant pleaded guilty to an unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, but entered pleas of not guilty to a robbery and an assault and battery in violation of Articles 122 and 128, UCMJ, 10 U.S.C. §§ 922 and 928. After being found guilty of all charges, the appellant was sentenced to a bad-conduct discharge. Intermediate reviewing authorities have approved the findings and sentence.

The contested robbery and assault and battery offenses were tried before a court composed of members. With respect to the robbery offense, the prosecution's only witness contended that the appellant aided and abetted another soldier in the taking by threat of one dollar from his person by acting as a lookout in a latrine of an enlisted men's club. The assault and battery, according to the Government's proof, occurred when the alleged victim of the robbery, together with several of his companions, attempted to regain possession of the dollar. After a fight ensued between the victim and the actual person who committed the robbery, the appellant allegedly grabbed a cue stick and swung it at the robbery victim.

Testifying in his own behalf on direct examination, the appellant disclaimed any knowledge that a robbery was taking place in the latrine. As to the assault and battery, the appellant asserted that he was acting in self-defense when he saw the victim reach for a cue ball. On cross-examination, the prosecution asked the appellant whether he had ever been convicted of a felony. The appellant responded that his only conviction was as a juvenile. At this

point, the prosecution ceased its cross-examination but later sought to introduce the previous conviction here in question, claiming that it desired to rebut the appellant's earlier testimony denying any previous non-juvenile convictions.

On its face, this pertinent exhibit reflected that the appellant was indicted by an Ohio grand jury for burglary and larceny on June 19, 1964. In subsequent proceedings before the Court of Common Pleas of Hamilton County, Ohio, on July 3, 1964, according to this official court record, the appellant retracted earlier pleas of not guilty to both counts and entered a plea of guilty to the burglary offense. With the sentence deferred and the case referred to the probation department for an investigation and report on that date, the appellant was later sentenced by the trial judge on September 21, 1964, to an indeterminate period of confinement at the Ohio Reformatory.

■ The defense objected to the introduction of the exhibit on several grounds and also called the appellant to the stand for the limited purpose of testifying on the objection. In substance, the appellant related that he was not aware of having been represented by an attorney in those Ohio criminal proceedings. In further cross-examination of the appellant as well as examination by the court on this matter, however, the appellant equivocated and claimed a lack of memory as to aspects of these Ohio criminal proceedings, especially those concerning the possible advice regarding his right to be represented by counsel and his possible waiver thereof. The defense ulti-

mately thus bottomed its objections to the exhibit upon the claim that the exhibit was inadmissible for lack of counsel. Although the exhibit reflected nothing on its face to indicate whether the accused was indeed represented by counsel at those proceedings,[1] the prosecution argued the presumption of regularity attached to the official court record. Thereafter, the military judge admitted the exhibit and later gave a cautionary instruction to the court to the effect that the exhibit was admitted for only the limited purpose of the appellant's possible impeachment.

In *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Supreme Court held that the Sixth Amendment's guarantee of counsel is a fundamental right essential to a fair trial which is made obligatory upon the states by the due process clause of the Fourteenth Amendment. *Gideon*, which involved a Florida felony conviction, thus mandated that such a conviction was unconstitutional unless the defendant is represented by counsel at that proceeding or had knowingly and intelligently waived his right thereto. Extending that holding in *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), the Supreme Court pronounced that the use of such a constitutionally void conviction for the limited purpose of impeachment in a subsequent criminal proceeding also deprived a criminal defendant of due process of law.

■ The appellant's previous Ohio conviction for burglary occurred some 18 months after the Supreme Court's decision in *Gideon v. Wainwright, supra*. In accord-

1. The Government had previously sought leave in this case to file documents of the Ohio court reflecting the appointment of counsel for the appellant at the Ohio criminal trial here in issue. By that same motion, the Government also sought leave to file an affidavit from the appellant's duly appointed counsel at those proceedings which disclosed the fact of his representation. By order dated January 22, 1975, we denied the Government's motion for leave to file without prejudice to its right to renew the same at oral argument. As renewed, we again deny the motion for leave to file these documents. The propriety of the military judge's admission of this court record can only

be decided on the basis of the evidence presented at trial. While this Court has stated that it will review material outside the record having to do with insanity and jurisdiction, we adhere to the general rule that appellate courts will ordinarily review claimed errors only on the basis of the error as presented to the lower courts. *United States v. Roberts*, 7 U.S.C.M.A. 322, 22 C.M.R. 112 (1956); cf. *United States v. Johnson*, 19 U.S.C.M.A. 49, 41 C.M.R. 49 (1969); *United States v. Strahan*, 14 U.S.C.M.A. 41, 33 C.M.R. 253 (1963). *See also United States v. Solak*, 10 U.S.C.M.A. 440, 28 C.M.R. 6 (1959).

ance with what was the established law of the land at the time of those proceedings, therefore, this judgment of the Ohio court carries with it a presumption that the appellant was either afforded counsel or had waived that right for this criminal proceeding involving a felony under Ohio law. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1958). The initial question thus presented by this appeal is whether the appellant's testimony was sufficient to overcome that presumption.

Because of the presumption of regularity inherent in all court proceedings, the burden of impeaching an official record of that proceeding rests initially with the party seeking to attack it. *Kitchens v. Smith,* 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). As applied to a claimed denial of counsel, the defendant must establish that he was denied that right. *Johnson v. Zerbst, supra; Losieau v. Sigler,* 406 F.2d 795 (8th Cir. 1969). Under *Gideon,* this would require a showing by the accused that he was not represented by an attorney at that proceeding, that he was entitled to such representation, and that he did not knowingly and intelligently waive that right.

Where the record is silent as to the presence of counsel, an accused's testimony which affirmatively establishes each of the foregoing criteria ordinarily ought to be sufficient to overcome any presumption of regularity. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Here, however, the testimony of this appellant does not rise to that level. Despite the appellant's original disclaimer that he did not have the services of an attorney at those Ohio criminal proceedings involving a felony, other portions of his testimony displayed an apparent lack of memory as to possible representation, particularly the question of waiver. Not only did the appellant fail to indicate whether he was indigent at the time of these proceedings, in

which case he would have been entitled to the appointment of counsel at no cost, but also he claimed an inability to even remember whether he had desired or waived counsel for that proceeding. Although later acknowledging that he had indeed received counseling on the matter by a "man from downstairs," the appellant again claimed an inability to remember anything further about the matter.

In view of these apparent discrepancies in the appellant's testimony concerning the question of his possible representation by counsel, especially the absence of any indication of whether he made a knowing waiver thereof, we do not find that the military judge erred in admitting the exhibit over defense objection as to those grounds. *See United States v. Dorman,* 496 F.2d 438 (4th Cir. 1974); *Ybarra v. United States,* 461 F.2d 1195 (9th Cir. 1972). Mere testimony by an accused that is either incomplete, or that he does not remember and is no longer certain, does not operate, as a matter of law, as the sole basis to negate the presumption of regularity attached to a valid court record.

The admissibility of previous convictions for the purposes of impeaching an accused when he testifies at trial, aside from due process considerations, is governed by paragraph 153*b*(2)(b), Manual for Courts-Martial, United States, 1969 (Rev.). Although the general rule is that evidence of other offenses or other acts of misconduct are inadmissible as tending to prove an accused's guilt, evidence that the accused was convicted of a crime involving moral turpitude or otherwise affecting his credibility is admissible to impeach his credibility if he testifies. With the appellant's Ohio conviction here involving a plea of guilty to the crime of burglary, there is no doubt that the conviction related to a crime involving moral turpitude or otherwise affecting his credibility as defined by paragraph 153*b*(2)(b), MCM.[2]

2. The following convictions are among those listed in the MCM which are considered to be convictions of offenses involving moral turpitude or otherwise affecting credibility:

(1) A conviction by court-martial of an offense for which a punishment of dishonorable discharge or confinement at hard labor for more than one year is authorized, wheth-

Among the other objections which the defense raised to the court's consideration of this exhibit is the fact that this Ohio conviction was some 9 years old at the time it was sought to be introduced. Utilization of a conviction that remote, submitted the defense, had little probative value to determine the appellant's present credibility.

■ Paragraph 153*b* (2)(b), MCM, not only sets no time limitation upon the use of such conviction for the purposes of impeaching an accused's credibility, but specifically provides that the corresponding time limitation of paragraph 75*b* (2) upon the use of evidence of any previous convictions over 6 years old for the purposes of escalating or otherwise aggravating the sentence is not applicable to impeachment proceedings. Rule 609 of the Proposed Federal Rules of Evidence,[3] by comparison, does indicate when a previous conviction becomes stale for the purpose of attacking credibility by placing a 10-year time limitation upon its use. Notwithstanding that stated limitation, however, the trial judge is provided discretion under the proposed rule in admitting a conviction older than 10 years when, in the interest of justice, the probative value of the conviction substantially outweighs its prejudicial effect. This proposed rule as well as proposed rule 403, on the other hand, conversely provide a trial judge with the discretion to exclude otherwise relevant and admissible evidence if its probative value is outweighed by the danger of unfair prejudice.

■ The proposed federal rules thus make the test of admissibility of a previous conviction for the purposes of impeaching credibility a matter of sound discretion on the part of the trial judge. Aside from the guidance provided by the 10-year limitation and the additional requirement of notice, this test is substantially in accord with presently generally accepted federal practice which also requires the trial judge to exercise discretion in determining whether to allow impeachment of an accused by prior conviction.[4] *E. g., United States v. Walling*, 486 F.2d 229 (9th Cir. 1973), *cert. denied*, 415 U.S. 923, 94 S.Ct. 1427, 39

---

er or not such a punishment was actually adjudged.

(2) A conviction by a Federal civilian court of a felony, that is, of an offense punishable under the United States Code by confinement for more than one year, whether or not that punishment was actually adjudged.

(3) A conviction by any other court of an offense similar to an offense made punishable by the United States Code as a felony or of an offense characterized by the jurisdiction in question as a felony or as an offense of comparable gravity.

(4) A conviction of any offense involving fraud, deceit, larceny, wrongful appropriation, or the making of a false statement.

3. Proposed Fed.R.Ev. 609 provides, in pertinent part:

(a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

(b) *Time limit.* Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

4. This traditional common law discretionary power to balance possible prejudice against probative value in deciding whether to admit a particular piece of otherwise admissible evidence stems from Fed.R.Crim.P. 26 which provides that "[t]he admissibility of evidence and the competency and privileges of witnesses shall be governed, except when an act of Congress or these rules otherwise provide, by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." *See also* Proposed Fed.R.Ev. 403.

L.Ed.2d 479 (1974); *United States v. DiVarco*, 484 F.2d 670 (7th Cir. 1973), *cert. denied*, 415 U.S. 916, 94 S.Ct. 1412, 39 L.Ed.2d 470 (1974); *United States v. Blair*, 470 F.2d 331 (5th Cir. 1972), *cert. denied*, 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197 (1973); *United States v. Puco*, 453 F.2d 539 (2d Cir. 1971); *United States v. Hildreth*, 387 F.2d 328 (4th Cir. 1967); *Gordon v. United States*, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968).

 As repeatedly held by this Court, federal practice applies to courts-martial if not incompatible with military law or with the special requirements of the military establishment. *United States v. Nivens*, 21 U.S.C.M.A. 420, 45 C.M.R. 194 (1972); *United States v. Knudson*, 4 U.S.C.M.A. 587, 16 C.M.R. 161 (1954); *United States v. Fisher*, 4 U.S.C.M.A. 152, 15 C.M.R. 152 (1954). Because paragraph 153*b*(2)(b) specifically only provides that evidence involving an offense affecting credibility "may" be considered for impeaching an accused's credibility if he testifies, we find nothing in military law that is incompatible or inconsistent with the federal requirement that the trial judge exercise sound discretion in this regard. We accordingly hold that the military judge, in accordance with established federal practice, must likewise exercise discretion in determining whether to allow the impeachment of an accused by previous convictions.

 The standard to be applied by a military judge in the exercise of this discretion is not intended to be predicated upon the basis of some abstract belief about the relation of prior convictions to credibility, but upon the basis of individualized, case-by-case determinations which call for the most careful consideration by a trial court. For those prior convictions where a period of 10 years or less has elapsed since the date of the conviction or the release of the witness from confinement imposed for that conviction, the accused has the burden of persuasion to show that the prejudicial effect of impeachment outweighs the probative value of the prior conviction to the issue of credibility. Once raised by the defense, either preliminarily by motion at an Article 39(a) session or by objection when the prosecution seeks introduction, the military judge should allow the accused the opportunity to show why judicial discretion should be exercised in favor of exclusion. Where more than 10 years have elapsed, however, evidence of a prior conviction is not admissible unless the prosecution, after giving the required notice, can show, and the military judge determines, that the probative value of the conviction, *supported by specific facts and circumstances, substantially outweighs its prejudicial effect.*[5]

The rule we announce today for military trials admittedly places an added burden on the trial judges. But we are confident that the military trial judiciary to whom we have assigned this difficult task is equal to the challenge. While we are well aware that the very nature of judicial discretion precludes rigid standards for its exercise, some added guidelines are nevertheless needed to assist the military judge in balancing these elusive concepts.

 In considering how the judge is to exercise this discretionary power, one must first look to the legitimate use of convictions for the purpose of impeachment. The reason prior convictions are even admissible in a criminal trial is not, of course, to show that an accused who takes the stand is a "bad" person, but rather to show background facts which bear directly on whether the trier of fact ought to believe the accused rather than other and conflicting witnesses. With this purpose in mind, the factors which we believe must be taken into account by a military judge in weighing the probative value of a previous conviction vis a vis its prejudicial effect are the

---

5. Although this portion of our holding is not intended to be operative until the Proposed Federal Rules of Evidence become effective on July 1, 1975, it is believed that military judges should rarely exercise their discretion to admit convictions over 10 years old and then only in exceptional circumstances.

**118**

nature of the conviction itself in terms of its bearing on veracity,[6] its age,[7] its propensity to influence the minds of the jury improperly,[8] the necessity for the testimony of the accused in the interests of justice,[9] and the circumstances of the trial in which the prior conviction is sought to be introduced.[10]

■ Notwithstanding the fact that these criteria represent a new standard, we are convinced, even under this more stringent balancing test, that the military judge did not abuse his discretion by admitting the instant previous conviction for the limited purpose of the appellant's impeachment. Because the evidence with respect to the robbery offense had narrowed to a question of the credibility between two persons—the accused and the robbery victim—there was, in those circumstances, a compelling reason for the judge to allow light to be shed on the proper resolution of that issue despite other facts inherent in the use of this conviction which might otherwise have militated against that determination. With the record likewise clear that the military judge did indeed give careful consideration to the various contentions raised by the defense in seeking to exclude the evidence of this previous conviction, the remainder of which we also find to be without merit, the decision of the U. S. Army Court of Military Review is affirmed.

6. Acts of perjury, subornation of perjury, false statement, or criminal fraud, embezzlement or false pretense are, for example, generally regarded as conduct reflecting adversely on an accused's honesty and integrity. Acts of violence or crimes purely military in nature, on the other hand, generally have little or no direct bearing on honesty and integrity.

7. Convictions near or approaching the 10-year prohibition against their use, particularly if they occurred during the minority of an accused who has not been convicted of a subsequent crime involving moral turpitude or otherwise affecting his credibility, may not be a meaningful index of a propensity to lie.

8. The use of convictions for a crime the same as or similar to the one for which the accused is presently on trial requires a particularly careful consideration and showing of probative value because of the very potentially damaging

Judge COOK concurs.

Chief Judge FLETCHER did not participate in the decision of this case.

effect that they may have upon the mind of the jury.

9. Consideration must be given to whether the cause of truth would be helped more by letting the jury hear the accused's testimony than by the accused's foregoing that opportunity because of the fear of prejudice founded upon a prior conviction. For instance, where an instruction relative to inferences arising from the unexplained possession of recently stolen property is permissible, the importance of an accused's testimony becomes more acute.

10. Where the factual issue in the case on trial has narrowed to a question of credibility between the accused and his accuser, there is a greater, not a lesser, compelling reason for exploring all avenues which would shed light on which of the two witnesses is to be believed.