UNITED STATES, Appellee,

v.

Private (E-2) Maurice L. COBB, SSN 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, United States Army, Appellant.

SPCM 14450.

U. S. Army Court of Military Review.

24 June 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Captain Kevin E. O'Brien, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Robert B. Williams, JAGC, and Captain James A. Pritchett, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

The question to be resolved in this case is whether, when the appellant testified under oath in extenuation and mitigation, it was improper for the military judge to permit the trial counsel to impeach appellant's credibility by showing that he had been convicted of burglary in a civilian court even though the defense made no objection to the evidence.

On trial before a military judge sitting as a special court-martial, appellant pleaded guilty to charges of wrongfully possessing and selling marihuana at Fort Benning on 18 May 1979 and absenting himself without authority from 17 September to 20 Septem-

ber 1979.[1] The judge sentenced him to a bad-conduct discharge, confinement and partial forfeitures for three-month terms, and reduction to the grade of Private E–1.

The convening authority approved the sentence, but, in accordance with a plea bargain, suspended the confinement in excess of 60 days for a period of 180 days. Approval of the bad-conduct discharge has bestowed appellate jurisdiction on this Court.[2]

At the outset of the presentencing proceedings, the trial counsel sought to introduce into evidence a record of the Muskogee County (Georgia) Superior Court showing that on 12 October 1979 appellant had been convicted of the offense of burglary committed in August 1979. The military judge refused to admit the record into evidence. As it was not the record of a military conviction, his refusal was proper.[3]

■ Thereafter, appellant took the stand to testify in his own behalf in extenuation or mitigation.[4] Among other things, he related that he had turned to selling marihuana because he needed money to satisfy a court order relating to the support of an illegitimate child and to keep up the payments on an automobile given to him by his father. He averred that the offense to which he had pleaded guilty was his first venture into the sale of marihuana. Adverting to that statement, the trial counsel, on cross-examination, asked appellant whether he had "ever been convicted of an offense involving dishonesty where the maximum sentence . . . would be over a year['s] . . . confinement at hard labor." Without objection, appellant replied that he had. When the questioning ended without disclosing the type of of-

fense, the military judge asked its nature and the appellant, again without objection, said it was for burglary.[5] On re-direct examination, appellant explained the conviction, saying that he had entered the off-post apartment of a military acquaintance and had taken a stereo set because the acquaintance had not repaid a loan and he (appellant) intended to hold the stereo as collateral.

■ It appears to us that the scenario described above was in accordance with paragraph 153b of the Manual for Courts-Martial, United States, 1969 (Revised edition), *passim*, which provides that the credibility of an accused who has become a witness may be attacked, that impeachment may be by a showing that he or she has been convicted of a crime involving moral turpitude, that one means of showing such a conviction is to question the witness, and that, when the conviction is shown, the witness may explain it. Paragraph 138g of the Manual similarly provides that "[e]vidence that an accused was *convicted* of a crime involving moral turpitude or otherwise affecting his credibility is admissible if he testifies."

■ We can discern no reason why these same rules would not apply after findings with the same force as before, that is, to the presentencing proceedings as well as to trial on the merits. Except when it is clearly indicated to the contrary, presentencing procedures are the same as those for other parts of the trial.[6] As an indication that no different rules of impeachment apply merely because an accused's testimony relates to sentencing rather than to the question of guilt or innocence, we consider

---

1. Violations, respectively, of Articles 134 and 86 of the Uniform Code of Military Justice, 10 U.S.C. §§ 934, 886 (1976).

2. Article 66(b), Uniform Code of Military Justice, 10 U.S.C. § 866(b) (1976).

3. *United States v. Krewson*, 8 M.J. 663, 665 (A.C.M.R.), *pet. granted on other grounds*, 9 M.J. 63 (C.M.A. 1980); *see* Manual for Courts-Martial, United States, 1969 (Revised edition), par. 75b (2).

4. Manual for Courts-Martial, *supra*, par. 75c.

5. Burglary is an offense involving moral turpitude. *United States v. Weaver*, 1 M.J. 111, 115 (C.M.A. 1975).

6. *United States v. Olson*, 7 U.S.C.M.A. 242, 244, 22 C.M.R. 32, 34 (1956).

it significant that all relevant references to an accused's testimony under oath are found in the general evidentiary paragraphs of the Manual such as those previously cited. The only contribution of the specific paragraph concerning presentencing procedures is to add that "[w]hether or not he testified on the issue of guilt or innocence or as to matters in extenuation, the accused may make an unsworn statement to the court in mitigation or extenuation of the offenses of which he stands convicted . . . . This unsworn statement is not evidence, and the accused cannot be cross-examined upon it . . . ."[7]

■ The appellant contends, however, that his testimony did not open the door to impeachment because it did not pertain to any matter in dispute. That argument overlooks the fact that, during the presentencing phase of the trial, the fixing of an appropriate sentence is as much a matter in dispute as is the question of guilt or innocence during the preceding portion of the trial. An accused's testimony in extenuation and mitigation has as its purpose the lessening of the punishment to be imposed and the believability of his testimony as to those matters is as important as his credibility on matters of guilt or innocence. The cases urged upon us by appellant do not support the view that impeachment of an accused who testifies in extenuation and mitigation necessarily is limited by the content of his testimony.[8]

In 1975, the Court of Military Appeals ruled that the question whether to permit evidence of a conviction for the purpose of impeaching an accused who testifies is a matter within the discretion of the military judge.[9] Several important considerations for the judge are set forth in the opinion.[10] "[W]here a period of 10 years or less has elapsed since the date of the conviction . . . ., the accused has the burden of persuasion to show that the prejudicial effect of impeachment outweighs the probative value of the prior conviction to the issue of credibility."[11]

No attempt at such a showing has been made by the defense in this case, either at the trial or on this appeal.[12] Accordingly, the defense has not met the burden of persuasion cast upon it by *Weaver*.

The findings of guilty and the sentence are affirmed.

Judge CLAUSE and Judge FOREMAN concur.

---

7. Manual for Courts-Martial, *supra* par. 75c (2).

8. The principal case upon which he relies is *United States v. Miller*, 1 M.J. 798 (A.F.C.M.R. 1976), which deals with testimony on the merits and does not reach the question of testimony relevant to sentencing. One of the two cases cited in *Miller* as direct authority is *United States v. Shipman*, 9 U.S.C.M.A. 665, 26 C.M.R. 445 (1958), which indicates (without explanatory rationale) that an accused charged with both larceny and unauthorized absence, but who limits his testimony on the merits to only the absence offense, should not be impeached with evidence of a civilian conviction for larceny. *See United States v. Weaver*, 1 M.J. 111, 118 n.8 (C.M.A. 1975). *But cf. United States v. Hatchett*, 2 U.S.C.M.A. 482, 9 C.M.R. 112 (1953) (permissible to impeach accused who testified only as to voluntariness of his confession). The second case cited in *Miller* is *United States v. Sisk*, 45 C.M.R. 735 (A.C.M.R.), *pet. denied*, 21 U.S.C.M.A. 647, 45 C.M.R. 929 (1972). Although *Sisk* does deal with presentencing testimony of an accused, it turns on the point that, when evidence of a particular offense does not meet the admissibility standards for impeachment by final conviction, it might nevertheless be admissible in rebuttal to specific testimony offered by the accused.

9. *United States v. Weaver*, 1 M.J. 111, 117 (C.M.A. 1975).

10. *Id.* at 118 nn.6–10.

11. 1 M.J. at 117.

12. Moreover, we regard the possibility of prejudice far less likely when the sentencing authority is a military judge rather than lay court members. *Cf. United States v. Montgomery*, 20 U.S.C.M.A. 35, 39, 42 C.M.R. 227, 231 (1970).