**UNITED STATES, Appellee,**

v.

**Private (E–2) Terry A. WILLIAMS, SSN 338–42–4464, United States Army, Appellant.**

**CM 439928.**

U. S. Army Court of Military Review.

31 March 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Grifton E. Carden, JAGC, and Captain Dennis E. Brower, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Paul G. Thomson, JAGC, and Captain Michael E. Pfau, JAGC, were on the pleadings for appellee.

Before RECTOR, CARNE and O'DONNELL, Appellate Military Judges.

## OPINION OF THE COURT

CARNE, Senior Judge:

The appellant was tried by a military judge sitting as a general court-martial for the attempted murder of a fellow soldier by stabbing him repeatedly with a knife in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880. He was convicted of the lesser included offense of aggravated assault by intentionally inflict-

ing grievous bodily harm upon the named victim in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. The convening authority approved the adjudged sentence providing for a dishonorable discharge, confinement at hard labor for five years, forfeiture of all pay and allowances and reduction to the grade of Private (E1).

During the presentencing procedure the trial counsel introduced four exhibits evidencing pre-service civilian convictions of the appellant. As to each exhibit, the defense counsel offered no objection and they were admitted.

It is now asserted that it was error to admit the records of civilian convictions. We agree.

Paragraph 75, Manual for Courts-Martial, United States, 1969 (Revised edition), prescribes evidence which may be considered during the presentencing portion of the trial. The adverse information was not admissible under the authority of paragraph 75*b*(2) of the Manual since that paragraph pertains only to previous convictions by courts-martial. *United States v. Cobb*, 9 M.J. 786 (A.C.M.R.1980); *United States v. Krewson*, 8 M.J. 663 (A.C.M.R.1979), *pet. granted on other grounds*, 9 M.J. 36 (C.M.A. 1980). These records of civilian convictions would have been admissible under the provisions of paragraph 75*d* of the Manual if the information pertaining thereto had been included in the appellant's personnel records. There is no showing that they were properly contained in his official personnel records. Accordingly, we conclude that the adverse information as introduced was not admissible under the provisions of paragraph 75*d* of the Manual.[1] However, in view of the compelling evidence of guilt which reflected an extremely vicious attack upon the victim resulting in some twenty stab wounds to his upper body, we conclude

---

1. *See United States v. Sisk*, 45 C.M.R. 735, 737 n.2 (A.C.M.R.1972); Paragraph 2–20, Army Regulation 27–10, Military Justice, Legal Services (C16, 4 November 1975); Department of the Army Pamphlet 27–2, Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Revised Edition) July 1970, page 13–6.

that the error did not prejudice the appellant.[2]

The findings of guilty and the sentence are affirmed.

Chief Judge RECTOR concurs.

O'DONNELL, Judge, concurring in part and dissenting in part:

I agree that the evidence of previous civilian convictions was inadmissible. However, I believe that the appellant was prejudiced thereby and would return the case for a rehearing on the sentence.

The Government contends that the appellant affirmatively waived the error and therefore is entitled to no relief. I disagree. As I view the facts, the civilian defense counsel failed to object to the evidence because he was not fully cognizant of the law in this area. He did not, in my opinion, intentionally leave the matter "in dispute at the trial level in order to gain a tactical advantage either at trial or subsequently on appeal." *United States v. Heflin*, 1 M.J. 131, 133 (C.M.A.1975). Accordingly, we may consider the error and test for prejudice. *United States v. Heflin, supra; United States v. Morales*, 1 M.J. 87 (C.M.A.1975). Unlike the majority, I am convinced that the appellant was prejudiced by the admission of the previous conviction.

Even if it could be concluded that there was an affirmative waiver, I believe that we may still consider the error under the aegis of the plain-error rule.* The inadmissibility of the documents was plain and the effect of the error was substantial. The appellant was convicted of aggravated assault for which he received the maximum punishment. The inadmissible previous convictions related in large part to the same kind of criminal activity—unlawful entry, assault and battery, and two separate convictions for aggravated assault. Under the circumstances, the receipt of the evidence was manifestly unfair to the appellant.

---

**2.** The defense waived objection to the admission of the records. As we find no manifest injustice resulted from their consideration by the military judge, we will not disregard the waiver on appeal. *United States v. Pinkney*, 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974).

* The federal plain-error rule provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Rule 52(b), Federal Rules of Criminal Procedure. The new Military Rules of Evidence adapted Rule 52(b) for use in military practice at Rule 103(d).