UNITED STATES of America

v.

Eric V. GODBEE, Private (E–1), U.S. Marine Corps.

NMCCA 200700073.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 3 May 2005.

25 Sept. 2008.

For Appellant: LtCol Kevin Conway, USMCR.

For Appellee: Maj Elizabeth Harvey, USMC.

Before O'TOOLE, Chief Judge, MITCHELL, Senior Judge, and KELLY, Appellate Military Judge.

## PUBLISHED OPINION OF THE COURT

O'TOOLE, Chief Judge:

A military judge, sitting as a special court-martial, convicted the appellant pursuant to his pleas of unauthorized absence, violation of a lawful order, violation of a general order, willful destruction of military property, the wrongful possession, introduction and use of marijuana, and misbehavior of a sentinel, in violation of Articles 86, 91, 92, 108, 112a, and 113, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, 892, 908, 912a, and 913. The appellant was sentenced to a bad-conduct discharge, confinement for 90 days, and forfeitures of $823.00 pay per month for a period of 3 months. The pretrial agreement had no effect on the sentence. The convening authority (CA) approved the sentence as adjudged.

We have examined the record of trial, the appellant's three assignments of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Post–Trial Delay

■ The appellant asserts two errors alleging that he was denied his right to the speedy post-trial processing of his case by a delay of nearly 1,100 days from sentencing to the docketing of his case before this court. We find a delay of 1,100 days to be facially unreasonable. *United States v. Moreno*, 63 M.J. 129, 136 (C.A.A.F.2006). As a result, we will assume, without deciding, that the appellant was denied his due process right to speedy post-trial review and appeal. *United States v. Allison*, 63 M.J. 365, 370–71

(C.A.A.F.2006). However, based on the totality of the circumstances, we find that the appellant has not suffered any specific prejudice as a result of this delay. We, therefore, hold that any due process violation that might have occurred in processing this case is harmless beyond a reasonable doubt. *Id.*

We have also examined the post-trial delay in this case in view of our authority under Article 66(c), UCMJ, our superior court's guidance, and the factors we have articulated as applicable in assessing post-trial delay. *Toohey v. United States,* 60 M.J. 100, 101–02 (C.A.A.F.2004); *United States v. Tardif,* 57 M.J. 219, 224 (C.A.A.F.2002); *United States v. Brown,* 62 M.J. 602 (N.M.Ct.Crim.App. 2005)(*en banc*). After examining all of the circumstances, we conclude that the post-trial delay in this case has no effect upon the findings and sentence that should be approved.

## Record of Trial

■ In his third assignment of error, the Appellant avers that because the original record of trial was lost, and a duplicate copy was submitted for appellate review, a new record of trial should be prepared and authenticated, as set out in RULE FOR COURTS-MARTIAL 1104(c), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.). Since producing another original record would further delay the post-trial processing of his case, the appellant requests that we remit his bad-conduct discharge. We decline to grant such relief.

R.C.M. 1103(g)(1)(A) and (B) direct the production of an original and at least four copies of a record of trial, with the CA permitted to direct production of additional copies. While the original record of trial in this case has been lost, a duplicate copy of the authenticated verbatim record was retrieved from the Joint Law Center, Marine Corps Air Station, Cherry Point, North Carolina, where the court-martial was tried, and this duplicate copy was submitted for appellate review. It is internally consistent, and it contains all numbered pages, and all prosecution, defense, and appellate exhibits. There are no irregularities in the sequence of the various post-trial action dates. The duplicate also contains a copy of the authentication page signed by the military judge, and the detailed defense counsel's receipt for the appellant's copy. Based on the undisputed source and completeness of this duplicate, we will apply a presumption of regularity to its creation, authentication, and distribution. *United States v. Weaver,* 1 M.J. 111, 115 (C.M.A.1975)(presumption of regularity inherent in court proceedings places initial burden of impeaching an official record on the party seeking to attack it).

To undercut the presumption of regularity, the appellant has provided no reason to doubt the completeness, the accuracy, or the authenticity of the duplicate copy of the record of trial submitted for appellate review. His detailed defense counsel reviewed the original record three days before the military judge authenticated it, and he was served with the appellant's copy of the authenticated record. When he provided a written response to the staff judge advocate's recommendation, the appellant's detailed defense counsel noted no discrepancy in the record immediately prior to authentication, or in the appellant's copy of the authenticated record.

Furthermore, the appellant has identified no prejudice attributable to our use of the duplicate record. *United States v. Wheelus,* 49 M.J. 283, 288 (C.A.A.F.1998)(threshold showing of colorable prejudice is low, but nevertheless must be demonstrated in regard to alleged post-trial errors). When there is no claim that the record of trial submitted for appellate review is inaccurate, this court has generally found harmless error. *United States v. Merz,* 50 M.J. 850, 853–54 (N.M.Ct. Crim.App.1999); *see United States v. Ayers,* 54 M.J. 85, 92 (C.A.A.F.2000).

Neither the court-martial process nor a "substantial right of the accused" is infringed upon by the use of a complete, duplicate copy of an authenticated record of trial. *See* Article 59(a), UCMJ; *Wheelus,* 49 M.J. at 288. This ruling in no way undermines the requirements of R.C.M. 1103 and 1104, because it is grounded on compliance with those rules. Though not in an original *form,* the

duplicate record in this case reflects compliance in *substance*. Thus, verity is assured. *United States v. Credit*, 4 M.J. 118, 119 (C.M.A.1977). Since it is, to require an original authenticating signature on another copy is to elevate form over substance. *United States v. Robinson*, 24 M.J. 649, 654 (N.M.C.M.R.1987). The remedy requested is unnecessary, and we decline to grant it.

## Conclusion

Accordingly, we affirm the findings of guilty and sentence, as approved by the convening authority.

Senior Judge MITCHELL and Judge KELLY concur.