# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

**No. 201700371**

————————————

**UNITED STATES OF AMERICA**
Appellee

v.

**BRET D. McMULLEN**
Lance Corporal (E-3) U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Shane E. Johnson, JAGC, USN.
Convening Authority: Commanding General, 1st Marine Aircraft Wing, Okinawa, Japan.
Staff Judge Advocate's Recommendation: Lieutenant Colonel Melanie J. Mann, USMC.
For Appellant: Commander R.D. Evans, Jr., JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC; Captain Luke Huisenga, USMC.

————————————

Decided 17 July 2018

————————————

Before HUTCHISON, PRICE, and HINES, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of sexual assault of a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b (2016). The military judge sentenced the appellant to 24 months' confinement, reduction to paygrade E-1, and a dishonorable

discharge. The convening authority approved the sentence as adjudged, but pursuant to a pretrial agreement, suspended all confinement in excess of 10 months.

In a combined assignment of error raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant contends the trial counsel made improper argument during presentencing by mischaracterizing his mother's testimony and that the record of trial is inaccurate in that it fails to specifically reflect the trial counsel's mischaracterization of that testimony.

After careful consideration of the record of trial and the pleadings of the parties, we conclude the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

At the time of the offense to which he pleaded guilty, the appellant was a 20-year-old Lance Corporal in the Marine Corps. In the fall of 2016, he met the victim, N.S., through a dating application on his phone. When they initially met in person, N.S. told the appellant she was 17 years old, but as their relationship progressed, N.S. eventually told the appellant she was 15 years old. After N.S. told the appellant she was 15, the appellant engaged in sexual intercourse with her on divers occasions.

During the providence inquiry, the appellant told the military judge he ultimately learned that N.S. was only 14 at the time of the offense. He also admitted that at the time he engaged in sexual intercourse with N.S., he both knew she was under the age of 16 and knew that it was illegal for him to engage in sexual intercourse with her because she was under the age of 16.

During the presentencing hearing, the appellant called his mother, B.M., as a witness. She testified generally regarding the appellant's upbringing, abuse she and the appellant suffered at the hands of the appellant's father, their struggles to make a new home for themselves after she left the appellant's father, the circumstances of the appellant's enlistment in the Marine Corps, the positive effects it had on him, and her pride in his military service. Eventually, B.M. testified that she had been contacted by N.S., as well as N.S.'s father and mother. She recounted two messages in which N.S.'s father texted, "I hope everything works out for [the appellant]"; and "[l]et me know if there is anything me or my family can do to help."[1] B.M. also testified that N.S.'s mother:

---

[1] Record at 86.

[h]as called me I think about three times. She just wanted me to know that if I needed to talk to somebody that I could call her, that she could not have asked for a better boyfriend for her daughter, he kept her safe because they were working a lot.[2]

B.M. further testified that both of N.S.'s parents knew that the appellant had engaged in sexual intercourse with their daughter.

On cross-examination, B.M. admitted that in her discussions with N.S., N.S. made it clear that she was still in love with the appellant, and B.M. believed N.S. was obsessed with him. B.M. also spoke with the appellant on several occasions and opined the appellant was "committed" to N.S.[3] Lastly, N.S.'s parents communicated to B.M. that they both "condoned" the relationship between the 20-year-old appellant and their 14-year-old daughter.[4]

In his argument on sentencing, the trial counsel referenced B.M.'s testimony several times, pointing out that N.S.'s parents condoned the appellant's misconduct, and as a result a sentence of confinement should be adjudged in order to sufficiently protect N.S. from the appellant having any ability to rekindle their relationship prior to N.S. turning 16.[5] The appellant did not object to the trial counsel's arguments.

## II. DISCUSSION

### A. Improper argument

"Improper argument involves a question of law that this Court reviews *de novo*." *United States v. Pabelona*, 76 M.J. 9, 11 (C.A.A.F. 2011) (quoting *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014)). "The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *Id.* (internal quotation marks omitted) (citation omitted). Because the defense counsel failed to object to the arguments at the time of trial, we review for plain error. *United States v. Andrews*, 77 M.J. 393, 2018 CAAF LEXIS 294, at \*10 (C.A.A.F. May 22, 2018). The standard for plain error review requires that: "(1) an error was committed; (2) the error was plain, or clear, or obvious; and (3) the error resulted in material prejudice to substantial rights." *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008) (internal quotation

---

[2] *Id.* at 87.

[3] *Id.* at 99.

[4] *Id.* at 100.

[5] *Id.* at 119-21.

marks omitted) (citation omitted). The appellant has the burden to establish plain error. *Id.*

The appellant avers that the trial counsel "mischaracterized [B.M.]'s testimony."[6] Specifically, the appellant contends that the trial counsel argued that B.M.—the appellant's mother—approved of his relationship with N.S. We disagree. Such a statement does not appear in the record. Rather, the trial counsel's argument focused on N.S.'s parents' approval of their daughter's relationship with the appellant. Indeed, the trial counsel's argument was based on the record evidence and all reasonable inferences derived therefrom. The appellant therefore fails to establish error, let alone an error that is plain or obvious. We find no merit in this assigned error.

## B. Inaccurate record of trial

We similarly find no merit in the appellant's argument that the record of trial is inaccurate and does not properly reflect the trial counsel's sentencing argument. We apply a presumption of regularity to the creation, authentication, and distribution of the record of trial. *United States v. Godbee,* 67 M.J. 532, 533 (N-M. Ct. Crim. App. 2008). In view of this presumption of regularity inherent in court proceedings, the initial burden of impeaching an official record is on the party seeking to attack it. *United States v. Weaver*, 1 M.J. 111, 115 (C.M.A. 1975).

The appellant has offered nothing to undercut our presumption of regularity in the completeness, accuracy, or authenticity of the record of trial submitted for appellate review. Here, the military judge properly authenticated the record of trial in accordance with RULE FOR COURTS-MARTIAL 1104(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). The appellant made no objection to the accuracy of the record prior to it being forwarded to this court for appellate review. The appellant has failed to establish that we should not apply the presumption of regularity normally applied under such circumstances. Accordingly, applying the presumption of regularity here, we find no error regarding the accuracy of the record of trial.

---

[6] Appellant's Brief of 20 Feb 18 at 6.

## III. CONCLUSION

The findings and sentence are affirmed.


For the Court



R.H. TROIDL
Clerk of Court