UNITED STATES, Appellee

v

GEORGE STANAWAY, Teleman Radioman Third Class, U. S. Navy, Appellant

12 USCMA 552, 31 CMR 138

No. 15,427

November 24, 1961

*Captain John P. Gibbons,* USN, was on the brief for Appellant, Accused.
*Major Elvin R. Coon, Jr.,* USMC, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Before a special court-martial, the accused pleaded guilty to, and was found guilty of, a number of violations of the Uniform Code of Military Justice. He was sentenced to a bad-conduct discharge, partial forfeitures, and confinement at hard labor for four months. On review before the board of review, it was contended that the plea of guilty to one of the offenses was improvident because the facts disclosed in defense counsel's statement in mitigation showed that when the accused cashed a check which did not belong to him he did not intend to deprive the payee permanently of the proceeds. With Member W. S. Tyson dissenting, the board of review rejected the claim of error. In our opinion, the statement in mitigation is inconsistent with the plea in that it shows, as Member Tyson pointed out in his dissenting opinion, that the accused intended to deprive the owner only temporarily of the proceeds of the check. United States v Epperson, 10 USCMA 582, 28 CMR 148. Accordingly, we affirm only so much of the findings of guilty of specification 1, Charge I, as finds the accused guilty of wrongful appropriation, in violation of Article 121 of the Uniform Code, 10 USC § 921. United States v Epperson, supra; United States v Dosal-Maldonado, 12 USCMA 442, 31 CMR 28.

Error also appears in the admission of evidence of a purported previous conviction. Although all the offenses found were committed in December 1960, the prosecution introduced evidence of a conviction by special court-martial for offenses committed in January and February 1961. Manifestly, the later conviction was not a previous conviction and should not have been admitted in evidence. Manual for Courts-Martial, United States, 1951, paragraph 75b(2); United States v Crusoe, 3 USCMA 793, 14 CMR 211.

The decision of the board of review as to the findings is modified as indicated above. The sentence is set aside, and the record of trial is returned to the board of review for reconsideration of the sentence in the light of this opinion.