UNITED STATES, Appellee

v

HAROLD L. BROWN, Seaman Recruit,
U. S. Navy, Appellant

15 USCMA 67, 35 CMR 39

No. 17,983

October 2, 1964

Lieutenant John Thomas Montag, USNR, was on the brief for Appellant, Accused.

Major J. M. Detrio, USMCR, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Tried by special court-martial, the accused was, pursuant to his pleas of guilty, convicted of leaving his appointed place of duty, absence without leave, larceny of United States currency, and wrongful appropriation of a wristwatch, in violation of Uniform Code of Military Justice, Articles 86 and 121, 10 USC §§ 886, 921, respectively. He was sentenced to bad-conduct discharge, forfeiture of $55.00 per month for six months, and confinement at hard labor for six months. Intermediate appellate authorities have affirmed and the accused now petitions for review by this Court, alleging that his plea of guilty to the count of wrongful appropriation was improvident.

Following entry of his pleas and return by the court-martial of findings of guilty based thereon, accused elected to testify in mitigation and extenuation. He declared that he had borrowed the allegedly wrongfully appropriated watch from its rightful owner to use during his tour of duty, the owner declaring that he was "welcome to use it." Upon being relieved, it "was so late and I was sleepy and I forgot to take the watch back." He did not get an opportunity to return the timepiece prior to its owner's departure from the station. He, however, intended to return it.

In light of accused's testimony, it is clear that the providence of his plea of guilty to wrongful appropriation was placed in issue, and it was incumbent upon the president of the court-martial to afford him an opportunity to withdraw such testimony and maintain his plea or to enter a plea of not guilty on his behalf. Code, supra, Article 45, 10 USC § 845; United States v Thomas,

67

14 USCMA 223, 34 CMR 3; United States v Stanaway, 12 USCMA 552, 31 CMR 138; United States v Epperson, 10 USCMA 582, 28 CMR 148.

The petition for review is granted. The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. The board of review may reassess the sentence on the remaining findings of guilty or direct a rehearing as to specification 2 of the Additional Charge and the sentence.