UNITED STATES, Appellee

v

RICHARD TAYLOR, Private,
U. S. Army, Appellant

20 USCMA 93, 42 CMR 285

No. 23,110

September 18, 1970

*Colonel Daniel T. Ghent* and *Captain Thomas R. Maher* were on the pleadings for Appellant, Accused.

*Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain Thomas W. Phillips* were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

The appellant pleaded guilty to charges of robbery and aggravated assault before a general court-martial. He was sentenced to a dishonorable discharge, confinement at hard labor for ten years, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. After the convening authority reduced the confinement part of the sentence to two years, the United States Army Court of Military Review affirmed the findings and the sentence. We granted review on the issue of whether the military judge was required to inquire personally of the appellant whether he had anything to say in his own behalf before sentencing.

Our decision in United States v Williams, 20 USCMA 47, 42 CMR 239 (1970), is that neither ▆▆▆ � statutory law nor the Manual for Courts-Martial, United States, 1969 (Revised edition), requires a military judge to remind an accused of his privilege to speak before he is sentenced, although we strongly

urged that military judges give such a reminder (out of the hearing of members of the court in those instances where these members are to determine sentence). The *Williams* opinion also notes that in Article III courts the requirement for such a reminder appears to be based not on the Constitution but on the Federal Rules of Criminal Procedure. Accordingly, the decision in this case is controlled by *Williams*, and the military judge's not reminding the appellant of his allocution privilege does not constitute reversible error.

In United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970), a divided Court held that for offenses occurring after July 31, 1969, there is no constitutional, statutory, or regulatory prohibition against consideration of records of Article 15 punishment as an element in a court's determination of an appropriate sentence after it has entered its findings. We expressed the view that Article 15 punishment is not a conviction that can alter the limits of punishment but, depending upon the offenses for which Article 15 punishment was administered and the offenses for which an accused is being tried by court-martial, consideration of records of Article 15 punishment may result in a sentence that more closely approaches the limits of punishment than it would if such records had not been considered. Here, the offenses for which the appellant received Article 15 punishment occurred after the offenses for which he was tried by this court-martial. In United States v Stanaway, 12 USCMA 552, 31 CMR 138 (1961), and United States v Crusoe, 3 USCMA 793, 14 CMR 211 (1954), this Court held that Manual provisions then in effect prohibited the use of evidence of conviction for offenses committed after the dates of all the offenses for which the accused was then being tried. Those cases construe a Manual provision that limited use of prior convictions to those concerning offenses "committed . . . during the three years next *preceding* the commission of any offense of which the accused stands convicted." (Manual for Courts-Martial, United States, 1951, paragraph 75*b*(2).) (Emphasis sup-

plied.) In this case we are considering a different Manual provision. Paragraph 75*d*, Manual for Courts-Martial, United States, 1969 (Revised edition), permits presentation to the military judge of certain personnel records that reflect the past conduct and performance of the accused, subject to regulations of the Secretary concerned.

Regulations promulgated by the Secretary of the Navy under authority granted him by paragraph 75*d*, Manual, supra, limit the use of records of nonjudicial punishment to those relating to offenses committed during the current enlistment and during the two years next preceding the commission of any offense of which the accused stands convicted.[1] The corresponding Army Regulation, paragraph 2–20 of AR 27–10, contains no such restriction. Since paragraph 75*d* of the Manual, supra, permits use of records reflecting "the past conduct and performance of the accused," use of evidence of misconduct by the accused during the period between the commission of the offenses for which he is being tried and the time of his sentencing appears to be consistent with the terms of the Manual provision, but we need not decide that issue here. Even if admission of the records of Article 15 punishment had been erroneous, paragraph 75*d* of the new Manual specifically provides that in regard to the materials made admissible under this paragraph, "[o]bjections not asserted will be regarded as waived." In this case the trial defense counsel was asked by the military judge if he had any objection to the introduction of the record of Article 15 punishment and the defense stated that there was no objection. By express Manual provision, therefore, any objection the appellant might otherwise have raised was waived.

Prosecution Exhibit 4 admitted into evidence by the military judge was the appellant's DA Form 20 (Enlisted Qualification Record) which contained a no-

---

[1] Section 01117, Manual of the Judge Advocate General, Department of the Navy.

tation of a previous unauthorized absence. In United States v Montgomery, 20 USCMA 35, 42 CMR 227 ■■■■■■ (1970), a majority of this Court held that for offenses occurring after August 1, 1969. introduction of such evidence after findings and before sentencing was permitted under a valid exercise by the President of authority to promulgate regulations granted to him by statute.

The decision of the Court of Military Review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

Because of the particular facts and circumstances of this case, I agree that the failure of the military judge to *personally* advise this accused of his right to speak in his own behalf prior to sentencing was not such an error as to require reversal. See my separate opinion in United States v Williams, 20 USCMA 47, 42 CMR 239 (1970); but, see also my dissent in United States v Wilburn, 20 USCMA 86, 42 CMR 278 (1970). I believe, however, that my brothers err in their determination regarding the admission in evidence of prosecution Exhibits 3 and 4.

After the military judge returned findings of guilty, in accordance with the accused's plea, he admitted into evidence, on the matter of sentence, a record of an Article 15 punishment of the accused (Prosecution Exhibit 3) and the accused's Enlisted Qualification Record (Prosecution Exhibit 4).

In United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970), and United States v Montgomery, 20 USCMA 35, 42 CMR 227 (1970), a majority of this Court held that for offenses which occurred subsequent to August 1, 1969, personnel records of the accused, *including evidence of prior punishment under Article 15*, Uniform Code of Military Justice, 10 USC § 815, were admissible in evidence on the question of sentence. See paragraph 75d, Manual for Courts-Martial, United States, 1969 (Revised edition). In separate opinions, I expressed my disagreement with that view in both *Johnson* and *Montgomery*. I need not restate my view. Suffice to say, this case aptly illustrates the dangers I envisioned from the use of these two items of evidence.

Prosecution Exhibit 3 reflects that the accused was given nonjudicial punishment under Article 15 on January 17, 1970, for three offenses all committed on January 14, 1970. The charges in this case allege offenses which occurred on November 14, 1969. Trial took place on February 3, 1970.

Military law is clear that it is error to receive evidence of a *prior conviction* for an offense committed subsequent to the dates of all of the offenses for which the accused is being tried (United States v Stanaway, 12 USCMA 552, 31 CMR 138 (1961); United States v Crusoe, 3 USCMA 793, 14 CMR 211 (1954)), inasmuch as the prior conviction did not concern an offense "committed during the six years next *preceding* the commission of any offense of which the accused stands convicted." (Emphasis supplied.) Paragraph 75b (2), Manual, supra.

My brothers contended in *Johnson*, supra, however, that an Article 15 punishment is not a conviction, since it does not empower a court-martial to adjudge permissible additional punishment under section B of the Table of Maximum Punishments (paragraph 127c, Manual, supra).

Of course, an Article 15 punishment is not a prior conviction, and since it is not, it should not be treated as one. Nevertheless, that is precisely its *effect* when presented to the court-martial. Court members are going to treat it in fact as an instance in which an accused has committed an offense under the Code, has been "tried" by his commander, and had punishment imposed upon him. In short, use of these records operate only to paint the accused as a recidivist in the eyes of those charged with fixing his punishment and it simply ignores reality to say that it will not *substantially* affect his sentence.

Despite their disclaimer, my brothers acknowledged as much in *Johnson*, when, citing this Court's unanimous opinion in United States v Griffin, 19 USCMA 348, 41 CMR 348 (1970), which concerned the effective date of Manual changes broadening the standards for the admission of evidence of previous convictions, they stated:

"... The effect of using a record of Article 15 punishment is in this respect indistinguishable from the use of evidence of previous convictions." [*Johnson*, at page 468.]

*Johnson* was reversed as to sentence not because the record of Article 15 punishment empowered the court under paragraph 127c to adjudge additional punishment, but because the offenses committed by Johnson occurred prior to the effective date of the Manual changes and the record of nonjudicial punishment under Article 15 had the *practical effect* of operating to increase the limit of punishment from that to which the accused was subject at the time of the offense. Cf. United States v Griffin, supra. See also United States v Martin, 19 USCMA 486, 42 CMR 88 (1970); United States v Worrell, 19 USCMA 487, 42 CMR 89 (1970); United States v Iacono, 19 USCMA 490, 42 CMR 92 (1970).

Since the utilization of an Article 15 record is "indistinguishable from the use of evidence of previous convictions," for offenses occurring prior to the effective date of the new Manual (United States v Johnson, supra), I believe that its admission, which is now the law of this Court, should also be controlled by the provisions of paragraph 75b(2), Manual, supra. If a *conviction* by court-martial, which occurred *after* the date of the commission of the charged offenses, is inadmissible on sentence, can it logically be contended that a record of an Article 15, which has the same practical effect insofar as sentence is concerned, is admissible? I submit that it cannot. To hold otherwise is, in effect, to permit the Government to do indirectly what it cannot do directly.

While contending that the record of Article 15 punishment was admissible, on the ground that paragraph 75d and not paragraph 75b(2), Manual, supra, controls in this instance, my brothers take the position that even if the record was erroneously admitted, the error was waived by the express statement of defense counsel that he had no objection to its admission in evidence.

Waiver of error in this case is a position to which I cannot subscribe. This Court has never invoked the doctrine of waiver where a miscarriage of justice would result. United States v Ebarb, 12 USCMA 715, 718, 31 CMR 301 (1962); United States v Russell, 15 USCMA 76, 82, 35 CMR 48 (1964). Here, the three offenses reflected by Prosecution Exhibit 3 (disobedience of a lawful order of a noncommissioned officer, resisting arrest, and disrespect to a noncommissioned officer), if tried by general court-martial, could have resulted in the imposition of confinement at hard labor for one year and nine months, together with accessory penalties. Notwithstanding the appellant's plea of guilty, his lack of prior military or civilian convictions, and the fact that the convening authority did not deem it necessary to confine him prior to trial, he was sentenced by the military judge to dishonorable discharge, total forfeitures, ten years confinement at hard labor (thirteen years maximum), and reduction in grade. Although the convening authority reduced the confinement to two years, he did so pursuant to a pretrial agreement and not because of any error in the record. Reduction of the period of confinement in accordance with a pretrial agreement does not palliate the prejudice. United States v Turner, 16 USCMA 80, 36 CMR 236 (1966). Under these circumstances, I believe it would be a miscarriage of justice to disregard the error on the ground of waiver. United States v Ebarb and United States v Russell, both supra.

Prosecution Exhibit 4, the Enlisted Qualification Record (DA Form 20) of the accused, presents a similar problem. Its admission into evidence on sentence, under the provisions of paragraph 75d,

Manual, supra, was affirmed by my brothers in United States v Montgomery, supra. In *Montgomery,* I dissented to the use of the *whole* of the form on the ground that paragraph 75*d* was beyond the scope of the authority of the Secretary, too unreasonable to be enforceable, and in derogation of the rules of relevancy. In addition to the arguments against the use of DA Form 20 which I recounted in *Montgomery,* the exhibit in this case contains additional objectionable matter. Item 44, entitled "Time Lost Under Section 972, Title 10, United States Code [Enlisted members: required to make up time lost] and Subsequent to Normal Date ETS," reflects that the accused was absent without leave for sixteen days from September 14 through 29, 1969. There is no evidence that this alleged violation of the Code resulted in judicial or nonjudicial action, and, in fact, there obviously was none for trial counsel announced that he had no evidence of previous convictions and the offense was not included among those reflected by Prosecution Exhibit 3. In such circumstances, it would appear likely that the entry was erroneous and belonged in someone else's file. Clearly this record of an unauthorized absence, standing alone, was incompetent and inadmissible. Cf. United States v McNamara, 7 USCMA 575, 23 CMR 39 (1957).

Since I believe that the admission in evidence of Prosecution Exhibits 3 and 4 was prejudicially erroneous, I would reverse the decision of the Court of Military Review as to sentence and direct that a rehearing on sentence may be ordered.