UNITED STATES, Appellee

v

ARTHUR E. OGDEN, JR., Private,
U. S. Marine Corps, Appellant

20 USCMA 193, 43 CMR 33

No. 23,067

December 11, 1970

*Captain John N. Stafford,* USMCR, and *Commander E. M. Fulton, Jr.,* JAGC, USN, were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever,* USMC, was on the pleadings for Appellee, United States.

DARDEN, Judge:

The appellant in this case chose to be represented by appointed counsel after being advised by the military judge of his right to select either a civilian lawyer or military counsel of his own choice. The military judge did not commit error in failing to ■ ■ inform Ogden of the privilege to have appointed counsel associated with civilian or selected military counsel should Ogden choose either one. United States v Turner, 20 USCMA 167, 43 CMR 7 (1970).

The record in this instance reflects that defense introduced evidence after findings of a prior civilian ■ ■ conviction for housebreaking. The appellant also acknowledged his fraudulent enlistment in the Marine Corps. Because he was tried for a seven months' absence without leave committed before the effective date of the pertinent Manual for Courts-Martial, United States, 1969 (effective January 1, 1969), provision —though he was tried after that date —limiting instructions were required. United States v Worley, 19 USCMA 444, 42 CMR 36 (1970).

Ogden may have been prejudiced at trial by this instructional omission for the seriousness of the earlier misdeeds is manifest. There has been reduction of the court-imposed sentence at all levels of appellate review; however, the effect of the instructional omission was not considered. Corrective action is required. United States v Rodriguez, 17 USCMA 54, 37 CMR 318 (1967).

The decision of the United States Navy Court of Military Review as to sentence is reversed. The record of trial is returned to the Judge Advocate General for submission to the Court of Military Review for reconsideration of the sentence in light of this opinion.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I agree with my brothers that corrective action as to sentence is required because of the failure of the president to limit the court's consideration of evidence of misconduct, introduced after findings. United States v Worley, 19 USCMA 444, 42 CMR 46 (1970); United States v March, 19 USCMA 476, 42 CMR 78 (1970). However, I disagree with their holding that the military judge did not commit prejudicial error when he failed to fully comply with the procedural requirements of United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969). For the reasons set forth in my separate opinion in United States v Turner, 20 USCMA 167, 43 CMR 7 (1970), I would reverse the decision of the Court of Military Review and direct that a rehearing may be ordered.