UNITED STATES

v.

Samuel Roy HUTCHINS, 196 44 2124, Electronics Technician (Communication) Second Class (E–5), U. S. Navy.

NCM 77 1826.

U. S. Navy Court of Military Review.

Sentence Adjudged 27 July 1977.

Decided 31 Jan. 1978.

CAPT G. M. Potter, USMC, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

Before NEWTON, Senior Judge, and GLADIS and GRANGER, JJ.

GLADIS, Judge:

Pursuant to his pleas of guilty, the accused was convicted by special court-martial of sale and transfer of heroin on two occasions, in violation of Article 92, UCMJ, 10 U.S.C. § 892, and sentenced to a bad conduct discharge, confinement at hard labor for 5 months, forfeiture of $249 per month for 5 months, and reduction to pay grade E–1. The convening authority approved the sentence but probationally suspended the discharge. The accused contends that the court-martial lacked jurisdiction over the first sale and transfer of heroin because it occurred off base. He also complains of failure of the judge to instruct specifically on uncharged misconduct introduced during sentencing proceedings. Finding that the transaction was service connected and subject to court-martial

jurisdiction, because it was the outgrowth of on-base activity and solicitation by the accused, and that a specific instruction on uncharged misconduct was not required, we affirm.

## JURISDICTION

On 10 April 1977, in the lobby of the barracks, the accused came up to another service member who was making a phone call and asked if he knew anyone who needed "dimes or quarter plates," that is, packages of heroin costing 10 or 25 dollars. The service member was a friend of the accused who had met him while working, associated with him on and off base, and knew him as a drug dealer. The accused had sold marijuana and heroin to him in the past and on eight occasions had come to him on base, asking if he knew of anyone wanting heroin. He had directed interested persons to the accused and they were able to obtain drugs. Some of the referrals occurred on base, during working hours. On 10 April, his friend did not reply when the accused sought heroin purchasers. Three days later, the friend contacted the Naval Investigative Service agents who transported him to the accused's off-base residence, not far from a military installation. There he purchased a package of heroin from the accused for 25 dollars. The accused permitted him to pick out his purchase from a jar filled with heroin packages.

 In order to determine whether an offense committed off base by a service member is service connected within the meaning of O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), and, consequently, whether it is triable by court-martial, the jurisdictional criteria enunciated in Relford v. Commandant, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971) must be carefully weighed. United States v. Moore, 24 U.S.C.M.A. 293, 52 C.M.R. 4, 1 M.J. 448 (1976). The issue turns upon gauging the impact of an offense on military discipline and effectiveness, upon determining whether the military interest in

deterring the offense is distinct from and greater than that of civilian society, and upon whether the distinct military interest can be adequately vindicated in civilian courts. Schlesinger v. Councilman, 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). Jurisdiction may not be predicated solely on the military status of the wrongdoer and the victim. United States v. Hedlund, 25 U.S.C.M.A. 1, 54 C.M.R. 1 (Interim), 2 M.J. 11 (1976). Merely because the recipient of the contraband is a service member is insufficient, in and of itself, in drug cases to establish service connection. United States v. McCarthy, 25 U.S.C.M.A. 30, 54 C.M.R. 30 (Interim), 2 M.J. 36 (1976). An ad hoc approach must be taken in each case, balancing the significant jurisdictional criteria.

 In this case, the accused's offenses were part and parcel of a scheme to sell heroin to service members for their personal use. Heroin is the classic drug of addiction in the United States. Regular users develop tolerance to heroin and become addicts.[1] Given the propensity of heroin for causing addiction in regular users and the dire effects of heroin addiction, heroin usage is likely to interfere with the military duties of the user, even though the actual use occurs off base. We recognize that an off-base offense is not automatically subject to court-martial jurisdiction merely because an addictive drug is involved, regardless of the remaining facets of the case. United States v. Alef, 3 M.J. 414, 418 n. 13 (C.M.A.1977). In Alef, the Court of Military Appeals scored the automatic finding of jurisdiction where serious or addictive drugs are involved solely on the basis of its overruled decision in United States v. Beeker, 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969). The detailed factual analysis and balancing of the jurisdictional criteria required by Relford, supra, is necessary in each case. But consideration of the nature of a drug and its potential harmful effects, while weighing the jurisdictional criteria to determine if the offense interferes with military

---

1. Lingeman, Drugs From A to Z, 105, 106 (2d ed. 1974). Lingeman has an excellent discussion of the effects of heroin and the ramifications of heroin usage.

duties or poses a threat to the military base, is not precluded. The accused distributed an extremely harmful drug, with serious potential for interfering with the military duties of the user, to a fellow member of the Naval service whom he knew and had associated with on and off duty. The transaction was the natural outgrowth of the accused's on-base advertising. As such, it posed a threat to the military base and military community and flouted military authority. *See United States v. Carroll*, 4 M.J. 674 (N.C.M.R.1977), *aff'd.*, 4 M.J. 89 (C.M.A.1977). Off-base distribution of even a relatively small amount of a controlled substance to an informer in a controlled purchase is service connected when it results from on-base advertising and is part of a larger scheme to distribute drugs on or in the vicinity of a military base. *See id.* The threat to the military base and community posed by the accused's offenses engendered the pervasive military interest, which is a prerequisite to jurisdiction. The military interest in deterring such offenses was distinct from and substantially greater than that of civilian society and could not be adequately vindicated in the civilian courts. Consequently, the offenses were subject to court-martial jurisdiction.

## UNCHARGED MISCONDUCT

The accused contends that failure of the military judge to give a specific limiting instruction on uncharged misconduct commented upon by the trial counsel in his argument on sentence requires a rehearing on sentence. We disagree. Evidence introduced after findings concerning the accused's second sale and transfer of heroin indicated that, during duty hours, the accused used a Government vehicle to transport the drugs from his house to the base where the sale was consummated. Evidence of other offenses that is properly introduced may be considered on sentence, and a limiting instruction is not required at this stage of the proceedings. *United States v. Worley*, 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970); *United States v. Ogden*, 20 U.S.C.M.A. 193, 43 C.M.R. 33 (1970); *United States v. Floyd*, 3 M.J. 1034 (N.C.M.

R.1977), *pet. denied*, Docket No. 34,882, 4 M.J. 157 (C.M.A.1977). MCM, 1969 (Rev.), para. 76a(2). The primary purpose of limiting instructions is to foreclose the possibility of convicting the accused on the basis that he is a "bad man" with a criminal disposition or propensity, rather than on evidence relevant to the offense charged. The same consideration does not exist as to sentence. The fact that the accused is a bad man is the very type of thing that should be considered in determining an appropriate sentence. *Analysis of Contents Manual for Courts-Martial, United States, 1969, Revised Edition*, DA Pam No. 27–2 at 13–8 (1970). In this case, the evidence of uncharged misconduct is evidence of the circumstances surrounding the commission of the offense and appears to have been properly introduced as matter in aggravation pursuant to the provisions of MCM, 1969 (Rev.), paras. 70a and 75b(3). Moreover, in light of the military judge's instruction that the accused was to be sentenced only for the offenses he was found guilty of committing (R. 78), the serious nature of the offenses of which the accused was convicted, and the sentence imposed, there is no fair risk that the court members imposed a greater sentence than they otherwise would have had there been an additional instruction concerning uncharged misconduct. Therefore, the accused has in no way been prejudiced.

The findings of guilty and sentence as approved on review below are affirmed.

Senior Judge NEWTON and Judge GRANGER concur.