**UNITED STATES**

v.

**Audie L. KREJCE, 503 76 7568, Private (E–1), U. S. Marine Corps.**

**NCM 78 0196.**

U. S. Navy Court of Military Review.

Sentence Adjudged 5 Aug. 1977.

Decided 18 July 1978.

---

2. Our examination of a record may reveal that, in the absence of a violation of due process and

denial of a fair trial, an error has been waived by failure to object at trial, that the accused, consequently, has suffered no prejudice, and that, therefore, the findings and sentence are correct in law and fact. *Cf. United States v. Stringer, supra.*

CAPT Jay C. Keithley, USMC, Appellate Defense Counsel.

LT Richard A. Joyce, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

CEDARBURG, Chief Judge:

Appellant moved for dismissal of the charges in this case for lack of *in personam* jurisdiction predicated upon alleged recruiter misconduct. Appellant testified that at the time of his enlistment, he had an extensive juvenile/adult record, including robbery, aggravated assault, and possession of marijuana, and was on supervised probation. Both appellant and his sister testified that the recruiter was told of his record and his probationary status. Appellant testified that at the recruiter's direction, he signed a blank Personal History form and concealed his record. The completed form, introduced as an appellate defense exhibit, did not list the juvenile/adult record to which appellant testified.

The recruiter, since honorably discharged, was called and testified that he remembered the name of the appellant and assumed that he recruited him because his signature appeared on appellant's enlistment contract. He did not recall any specific facts surrounding the enlistment of appellant. He testified that he conformed his recruiting practices to applicable regulations and had never, while a recruiter, told any applicant to lie, misstate any material fact, or cover up a police record; nor had he ever participated in covering up police records or juvenile adjudications.

During litigation of the motion, the defense requested five witnesses, presenting synopses of their testimony, which if true, would establish illegal recruitment practices by appellant's recruiter, in direct contradiction of his testimony regarding his conduct as a recruiter. The military judge denied the request, apparently concluding that the recruiter's testimony regarding his recruitment practices was collateral to the issue of how he had recruited appellant and thus could not be disproved by extrinsic evidence supplied by the witnesses requested.

We determine that the witnesses who were denied could testify to facts that

are relevant and material to the substantive issue of recruiter misconduct in this case. Although the general rule is ". . . that a witness may not be impeached by producing extrinsic evidence of 'collateral' facts to 'contradict' the first witness's assertion about such facts," McCormick, *Evidence* (2d Ed.1972), facts which are independently provable are not "collateral." *Id.* Here, the linchpin of the recruiter's testimony, providing circumstantial evidence that he had not illegally recruited appellant, was his categorical assertion that, even though he had no recollection of the specific facts of appellant's enlistment during the time he had been assigned as a recruiter, he had conformed to regulations and had never told any applicant to lie or conceal disqualifying impediments. The recruiter's testimony to that effect had been admitted and tended to establish that he processed applicants for enlistments, including appellant, in a certain way, as a matter of regular course of action. *Manual for Courts-Martial, United States, 1969* (Revised Edition), paragraph 138h. The contradictory evidence of the substantive issue is in nowise less relevant. Accordingly, since the expected testimony of the witnesses was material, appellant was entitled to have some, if not all of them, procured. *United States v. Williams*, 3 M.J. 239 (C.M.A.1977).

The findings and sentence are set aside. A rehearing, at which the appellant will be afforded the opportunity to fully develop the issue of personal jurisdiction, may be ordered.

Judge ROOT and Judge GREGORY concur.