OPINION OF THE COURT
FELDER, Judge:
A special court-martial convicted the appellant of two specifications of willfully disobeying the orders of noncommissioned officers and one specification of being disrespectful to a noncommissioned officer in violation of Article 91, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 891. The trial judge sentenced him to a bad-conduct discharge, confinement at hard labor for five months and forfeiture of $279.00 pay per month for a like period. This Court is required to review this case pursuant to Article 66, UCMJ, 10 U.S.C. § 866.
Admitted into evidence during the presentencing proceedings were records of pri- or conviction by summary court-martial, bar to reenlistment, four nonjudicial punishments administered under Article 15, UCMJ, 10 U.S.C. § 815, and the vacation of a suspended nonjudicial punishment. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraphs 75a, b and d. [Hereinafter cited as MCM 1969 (Rev.)].
The appellant claims that three records of Article 15 punishments and the rec *727 ord of the vacation proceedings were inadmissible because they did not meet the mandates of United States v. Booker, 5 M.J. 238 (C.M.A. 1977) (dictum).[1] The United States Court of Military Appeals opined in that case that records of discipline under Article 15, are not admissible unless it is established that the offender was advised of his right to confer with legal counsel before accepting punishment. Further, the offender’s waiver of the right to demand trial must be intelligently made in writing or established at the trial. Recently, that Court adopted its language in Booker regarding the introduction of Article 15 records as a definitive ruling. The Court also by implication sanctioned the procedure whereby the trial judge conducts an inquiry of the accused to determine whether he intelligently waived the right to forego a criminal trial. United States v. Mathews, 6 M.J. 357 (C.M.A. 1979).
The trial judge in Mathews conducted a colloquy with the accused to satisfy himself that the accused understandably waived his right to consult with an attorney prior to accepting Article 15 punishment. That procedure was determined to be permissible. However, our understanding of United States v. Booker, supra, is that there is no requirement that the Government affirmatively demonstrate the appellant either exercised his right to consult counsel or waived it. It suffices where he is “told of his right to confer with an independent counsel before he opts for disposition” under Article 15, U.C.M.J. Id. at 243.
The Mathews decision also places the onus upon the trial judge to make the record where the defense counsel affirmatively waives objection to the admissibility of Ar-tide 15 exhibits. United States v. Mathews, supra, at 358. That ruling conflicts strikingly with the provisions of paragraph 75d, M.C.M.1969 (Rev), which provides that any infirmities in the documents which preclude their admission is waived by the failure of the trial defense counsel to interpose an objection. United States v. Taylor, 20 U.S.C.M.A. 93, 42 C.M.R. 285 (1970); United States v. Palmer, 43 C.M.R. 583 (A.C.M.R.1970). But see United States v. Morales, 49 C.M.R. 458 (A.C.M.R.1974), rev’d 1 M.J. 87 (C.M.A.1975).
Nevertheless, this Court has ruled on numerous occasions that a properly executed record of nonjudicial punishment (DA Form 2627, Record of Proceedings under Article 15, U.C.M.J.) complies with the warning and waiver standards set forth in Booker. (See United States v. Happel, 5 M.J. 908 (A.C.M.R.1978) and the cases cited therein.) We reaffirm that holding.
The records of nonjudicial proceedings in this case reflect that in each instance the appellant was advised of his right to consult a lawyer, his location and time allowed to seek his advice. They also show that he intentionally relinquished the right to a trial by placing a check in a box on the records and affixing his signature to them.
We conclude that all the exhibits of Article 15 punishments were admissible because they pass both Booker tests. Our decision also applies to one record that was completed in all essential parts, except the appellant did not indicate whether he wanted a spokesman, an open hearing or to present matters in defense and/or mitigation. *728 These omissions did not influence the admissibility of the records.[2]
However, the vacation proceedings relates to a record of non judicial punishment that was denied admission into evidence. Absent proof of prior punishment and suspension, the vacation proceedings is too remote to have any probative value. See MCM 1969 (Rev.), paragraph 137. Even presentencing evidence must be competent. Therefore, the record of the vacation proceedings should have been rejected.[3]
We now turn to the adequacy of the staff judge advocate’s post-trial review. It is an abbreviated review that was attacked by the trial defense counsel as failing to advise the convening authority: 1) that he was not bound by .the findings of the trial court or the opinion of the staff judge advocate; and 2) that he has plenary authórity to reduce the sentence. The staff judge advocate countered the attack by informing the convening authority that such matters need not be discussed in every review. He relied upon his previous advice on these matters to the convening authority and the latter’s military justice experience.
The basic guidance concerning the form and content of a post-trial review is set forth in paragraph 85b, M.C.M.1969 (Rev). The purpose of the review is to assist the convening authority in the exercise of his statutory responsibility of approving only such findings of guilty and sentence as he finds correct in law and fact and as he in his discretion determines should be approved. Article 64, U.C.M.J., 10 U.S.C. § 864. Accordingly, the review should contain all pertinent information which might substantially influence the decision of the convening authority. United States v. Boatner, 20 U.S.C.M.A. 376, 43 C.M.R. 216 (1971); United States v. Huddleston, 50 C.M.R. 99 (A.C.M.R. 1975). Yet, the review is not a trial de novo and the staff judge advocate must be allowed a certain amount of discretion to determine its content. United States v. Fields, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958).
When this Court encountered in United States v. Sankey, 6 M.J. 790 (A.C.M.R.1978), pet. denied 6 M.J. 301 (C.M.A. 1979), the same issue we face in this case, it decided that it was error for the staff judge advocate not to delineate the convening authority’s responsibility or advise him of the standard under which he was to consider the staff judge advocate’s opinion. However, the failure of the trial defense counsel to point out the deficiencies waived the error.
Believing as we do that the staff judge advocate, not the trial defense counsel, is primarily responsible for the preparation of an adequate review, we are not hesitant to mention other defects in a review that has been rebutted by the trial defense counsel. We observe that this review does not include what every review must, that is, the staff judge advocate’s opinion as to the adequacy and weight of the evidence, supported by his reasons for such opinion. United States v. Fields, supra, at 76, 25 C.M.R. 338; United States v. Flemings, 8 U.S.C.M.A. 729, 25 C.M.R. 233 (1958); United States v. Withrow, 8 U.S.C.M.A. 728, 25 C.M.R. 232 (1958). Parenthetically, we also note that the convening authority was not apprised of the maximum imposable punishment.
*729 Omissions from a review are not prejudicial unless there is a likelihood that they would have influenced the convening authority. United States v. Huddleston, supra, at 108. This was a contested case in which the credibility of the witnesses was vital in resolving the issue. The staff judge advocate’s opinions and reasons therefore are imperative in the review of a contested case. United States v. Smith, 23 U.S.C.M.A. 98, 48 C.M.R. 659 (1974). The convening authority has the responsibility to independently determine the appellant’s guilt or innocence and sentence. It is conceivable he could have disapproved some of the guilty findings and part of the sentence, if this review had been given the individualized treatment it deserves. Cf. United States v. Foti, 12 U.S.C.M.A. 303, 30 C.M.R. 303 (1961) (Pretrial Advice). Accordingly, we shall afford him the opportunity to do so.
The action of the convening authority dated 4 January 1979 is set aside. The record of trial is returned to The Judge Advocate General for a new review and action, by the same or a different convening authority, in which the sentence will be reassessed in light of the error.
Senior Judge MITCHELL and Judge DRIBBEN concur.

. The appellant does not challenge the admissibility of the record of previous conviction by summary court or one record of nonjudicial punishment. Their admissibility was established at trial by testimonial and documentary evidence, presumably to the satisfaction of the appellant.
Two contested records of Article 15 punishments were administered prior to the Booker decision, which is October 11, 1977. Since this case was tried on November 16, 17, 1978, their admissibility is governed by it. In United States v. DeOliveira, 5 M.J. 623 (A.C.M.R.1978) (2-1 decision) another panel of this Court decided that Booker is applicable to summary courts-martial (and Article 15 proceedings) tried on and after November 10, 1977. However, we agree with Senior Judge Jones’ dissenting analysis that Booker applies to all records of previous punishments offered in trials conducted thirty days after the decision. Id. at 626.

. Absent an express demand for trial by court-martial, a commander may impose punishment after giving the offender notice of his intention to do so. M.C.M.1969 (Rev), paragraph 133a. Since absolute silence by an offender would not bar punishment, his failure to indicate procedural preferences and present matters on his behalf would certainly not legally deter the commander from imposing punishment.

. The vacation proceedings resulted in reduction from the grade of specialist four (E — 4) to private (E-2), forfeiture of $150.00 per month for two months and restriction for twenty days (ten days having been served). Although a formal hearing was not necessary to vacate the suspension, the appellant should have been given an opportunity, unless impracticable, to appear before the officer vacating the suspension to rebut any derogatory or adverse information upon which the vacation is based. M.C.M.1969 (Rev), paragraph 134(4). The record of the vacation proceedings in this case does not show whether the appellant was afforded the opportunity to be heard or whether it was impracticable to do so.