UNITED STATES, Appellee,

v.

Sergeant (E–5) James R. KREWSON, SSN 046–52–8639, United States Army, Appellant.

CM 438393.

U. S. Army Court of Military Review.

19 Dec. 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Captain Robert L. Gallaway, JAGC, Captain Hollis C. Lewis, JAGC, and Major Lawrence J. Sandell, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, Captain Brian X. Bush, JAGC, and Captain Michael C. Chapman, JAGC, were on the pleadings for appellee.

Before FULTON, WATKINS and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

Charged with forcible rape committed in December 1977,[1] appellant pleaded guilty to the lesser included offense of assault with intent to commit rape.[2] Court members sentenced him to a bad-conduct discharge, confinement at hard labor for 15 years, forfeiture of "total pay per month for 15 years" and reduction to the grade of Private E–1. Pursuant to a plea bargain, the convening authority approved the reduction and bad-conduct discharge, but reduced the confinement and forfeitures to terms of 5 years. Our review of the record is mandatory pursuant to Article 66(b), Uniform Code of Military Justice, 10 U.S.C. § 866(b) (1976).

On appeal as at the trial, appellant contends that the military judge erred in permitting the court members, in the presentencing proceedings, to receive evidence that appellant had been convicted by a civilian court for offenses committed after the offense for which he was being sentenced. In the alternative, appellate counsel urges that introduction of the conviction should have been accompanied by instructions lim-

---

1. A violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (1976).

2. A violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). On entry of the guilty plea, the prosecution amended the Charge and specification to allege only this offense.

iting the purposes for which the other offenses might be considered. We hold that there was no error.[3]

The information in question was recorded in a Department of the Army personnel record which pertains to the appellant and is entitled "DA Form 2–1, Personnel Qualification Record—Part 2." The "Remarks" section (Item 27) contains the following entry:

> Arrested 1542 hrs. 26 Jun 78 by civil authorities Ayer, MA, while off duty, chg: Assault of Gail . . . , a female child under the age of 16 years with intent to commit rape; assault of Ana . . . with intent to commit rape; convicted and sentenced Massachusetts Correctional Institution for indef term.[4]

That entry was made in accordance with regulations governing the content of DA Form 2–1. See Army Regulation 640–2–1, Personnel Records and Identification of Individuals: Personnel Qualification Records, page 3–39 (1973).[5]

The adverse information was not admitted into evidence under authority contained in paragraph 75*b*(2) of the Manual for Courts-Martial, United States, 1969 (Revised edition). Paragraph 75*b*(2) pertains only to previous convictions by courts-martial and does not permit introduction of civilian convictions. *United States v. Baughman*, 8 M.J. 545 (C.G.C.M.R.1979); *United States v. Rhodus*, 46 C.M.R. 1221 (N.C.M.R.1973). Moreover, paragraph 75*b*

(2) only permits the introduction of evidence of a previous military conviction if it was for an offense occurring before some offense of which the accused has been convicted at the present trial. *United States v. Stanaway*, 12 U.S.C.M.A. 552, 31 C.M.R. 138 (1961); *accord United States v. Arana*, 3 M.J. 36 (C.M.A.1977) (mem.).

■ Instead, the information was contained in a personnel record admitted to show the appellant's past conduct and performance in accordance with the provisions of paragraph 75*d* of the Manual for Courts-Martial, *supra*. See Army Regulation 27–10, Military Justice: Legal Services, par. 2–20 (1968). These records need not be confined solely to military events. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 38, 42 C.M.R. 227, 230 (1970).[6] Information pertaining to an accused's conviction by civilian authorities, when properly included in the personnel records, is admissible. *United States v. Rhodus*, 46 C.M.R. 1221 (N.C.M.R. 1973); *see United States v. Baughman*, 8 M.J. 545 (C.G.C.M.R.1979); *cf. United States v. Worley*, 19 U.S.C.M.A. 444, 42 C.M.R. 46 (1970) (noting reversal of rule in *United States v. Averette*, 17 U.S.C.M.A. 319, 38 C.M.R. 117 (1967), and other cases, by amendment to Manual for Courts-Martial). *But cf. United States v. Sisk*, 45 C.M.R. 735, 737 n.2 (A.C.M.R.1972).

■ Information pertaining to misconduct, when otherwise admissible pursuant

---

**3.** The staff judge advocate regarded admission of evidence pertaining to the civilian conviction as possible error. He sought to purge any prejudicial effect by suggesting that the convening authority approve only that sentence which he felt the court members would have imposed without knowing of the civilian conviction. *See, e. g., United States v. Norsian*, 47 C.M.R. 209 (N.C.M.R.1973). The staff judge advocate viewed reduction to the maximum authorized by the plea bargain as sufficient for that purpose. Trial defense counsel disagreed and sought a rehearing on the sentence. Finding no error, we need not decide whether the convening authority's action was adequate.

**4.** Evidently comparison of the modus operandi of the civilian offenses with that of the still unsolved December 1977 on-post offense focused suspicion on the appellant in December

1978 while he was awaiting trial on the civilian charges.

**5.** We note that a similar entry also should have been made in item 21 of DA Form 2–1, which is used to record "time lost" from an enlistment within the purview of title 10, United States Code, section 972 (1976). Army Regulation 640–2–1, *supra*, page 3–35.

**6.** In any event, time spent in the hands of civilian authorities becomes of military significance in the light of 10 U.S.C. § 972 (1976). Note 5, *supra*. See also Army Regulation, 635–200, Personnel Separation: Enlisted Personnel, ch. 14, sec. III (1977) (discharge for civil conviction). *But cf. United States v. Baughman*, 8 M.J. 545 (C.G.C.M.R.1979) (pre-enlistment conviction inadmissible).

to the provisions of paragraph 75*d* of the Manual for Courts-Martial, *supra*, is not limited to misconduct occurring before an offense for which the accused is on trial. It may include evidence of misconduct committed subsequent to the offense or offenses involved in the trial. *United States v. Washington*, 46 C.M.R. 924 (N.C.M.R. 1972); *United States v. Mulheron*, 46 C.M.R. 354 (N.C.M.R.1971); *cf. United States v. Taylor*, 20 U.S.C.M.A. 93, 94, 42 C.M.R. 285, 286 (1970) (issue not squarely decided because of waiver, but see dissenting opinion); *United States v. Jeffries*, 47 C.M.R. 699, 700 (A.F.C.M.R.1973) (by implication).[7]

■ Accordingly, the information concerning the appellant's misconduct reflected in his personnel records was properly admitted into evidence. Therefore, no instruction by the military judge limiting the court members' consideration thereof in relation to sentencing was required. Paragraph 76*a* (2), Manual for Courts-Martial, *supra*, at p. 13–12; *United States v. Worley*, 19 U.S.C. M.A. 444, 42 C.M.R. 46 (1970).[8]

The findings of guilty and the sentence are affirmed.

Judge WATKINS and Judge LEWIS concur.

---

7. Service regulations may, of course, limit the admissibility to misconduct occurring before any offense involved in the trial. *See, e. g., United States v. Taylor*, cited in the text, as to Navy regulations, and *United States v. Lathrop*, 47 C.M.R. 473, 474 n.2 (A.F.C.M.R.1973), as to Air Force regulations. No such limitation in Army regulations has been cited to us and we have found none.

8. The military judge did caution the court members "to bear in mind that the accused is to be sentenced only for the offense I found him guilty of committing." For similar cases, see *United States v. Mixson*, 5 M.J. 695, 696 (A.C.M.R.1978); *United States v. Hutchins*, 4 M.J. 796, 799 (N.C.M.R.1978).